FILED
CLERK, U.S. DISTRICT COURT

SEP 1 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A. PIERCE and LEONARD E. HADLEY,<br><br>        Plaintiffs,<br><br>  vs.<br><br>SAN BERNARDINO COUNTY, et al.,<br><br>        Defendants. | Case No. EDCV 05-866-AHM (JWJ)<br><br>**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## I.  PROCEDURAL SUMMARY

On September 20, 2005, plaintiffs, proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. section 1983 ("Complaint") against San Bernardino County, et al.  On October 3, 2005, plaintiffs filed a First Amended Complaint.  On October 28, 2005, this Court issued a "Memorandum And Order Dismissing Civil Rights Complaint With Prejudice In Part And With Leave To Amend In Part" ("Memorandum and Order").  On December 23, 2005, plaintiffs filed a Second Amended Complaint.  On February 26, 2006, plaintiffs filed a Third Amended Complaint.  On February 2, 2007, defendants filed a "Notice Of Motion And Motion For Summary Judgment" ("Motion for

1   Summary Judgment").

2   On February 7, 2007, this Court issued "Civil Minutes" ("Minute

3   Order") ordering plaintiffs to file an Opposition or Notice of Non-Opposition

4   to defendants' Motion for Summary Judgment.  On February 9, 2007,

5   plaintiffs filed an "Affidavit" regarding their alleged denial of medical

6   treatment.  Plaintiffs attached to the affidavit requests for medical treatment

7   and correspondence directed to Sheriff Penrod.  On May 9, 2007, this Court

8   issued an "Order to Show Cause Regarding Plaintiff's Failure to Comply with

9   Court Order" ("Order to Show Cause") requiring plaintiffs to show cause

10   within twenty-one (21) days of that date.  On June 22, 2007, this Court issued

11   a Report and Recommendation that this action be dismissed without

12   prejudice.[1]  On July 2, 2007, plaintiffs filed an "Amended Objection to

13   Magistrate Judge's Report and Recommendation" ("Amended Objection")

14   claiming that their affidavit and attached exhibits make it unnecessary to file

15   an Opposition or Notice of Non-Opposition.  This Court will thus construe the

16   affidavit and attachments as a response to the Motion for Summary Judgment

17   and evaluate the Motion for Summary Judgment accordingly.

18

19   ## II.  FACTUAL BACKGROUND

20   Plaintiffs allege that plaintiff Hadley was arrested on or around

21   September 18, 2002 and charged with rape by force, false imprisonment, and

22   lewd acts with a minor.  (Third Amended Complaint, p. 1 of Claim I.)

23   Plaintiffs allege that plaintiff Pierce was incarcerated on or around April 5,

24

---

25   [1] In the Report and Recommendation, this Court inadvertently referred to plaintiffs in the
26   singular form.  This Memorandum and Order clarifies that the dismissal applies to both
plaintiffs.  Since plaintiffs filed an "Amended Objection to Magistrate Judge's Report and
27   Recommendation" on July 2, 2007, they were clearly neither confused nor prejudiced by the
singular "plaintiff" references in the report and recommendation.  Therefore, plaintiffs will not
28   receive an extension of time to make a reply.

1   2000 and charged with violating Penal Code §§ 288 and 290.  (Id., p. 1 of
2   Claim II.)  Plaintiffs name San Bernardino County and Sheriff Gary Penrod in
3   their individual capacities as defendants, (Id., p. 3.), and allege that defendants
4   violated plaintiffs' first and fourth through fourteenth amendment rights under
5   the United States Constitution.  (Id., p. 5.)  Both defendants San Bernardino
6   County and Sheriff Gary Penrod are joined as defendants in the Motion for
7   Summary Judgment.  (MSJ, p. 1.)

8

9                              **III. DISCUSSION**

10  **A.      Standard of Review**

11          Pursuant to Federal Rule of Civil Procedure 56, summary judgment is
12  proper  "if the pleadings, depositions, answers to interrogatories, and
13  admissions on file, together with the affidavits, show that there is no genuine
14  issue as to any material fact and that the moving party is entitled to judgment
15  as a matter of law."  Fed.R.Civ.P. 56(c).  A material issue of fact is one that
16  affects the outcome of the litigation and requires a trial to resolve the differing
17  versions of the truth.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106
18  S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

19          The moving party has the initial burden of "identifying for the court
20  those portions of the materials on file that it believes demonstrate the absence
21  of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pacific Elec.
22  Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v.
23  Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  All
24  facts and inferences drawn must be viewed in the light most favorable to the
25  responding party when determining whether a genuine issue of material fact
26  exists for summary judgment purposes.  See Poller v. CBS, Inc., 368 U.S. 464,
27  467, 82 S. Ct. 486, 7 L. Ed. 2d 458 (1962);  Brinson v. Linda Rose Joint
28  Venture, 53 F.3d 1044, 1050 (9th Cir. 1995).

1    If the moving party meets its burden, the responding party may not
2  defeat a motion for summary judgment "in the absence of any significant
3  probative evidence tending to support his legal theory." <u>Commodity Futures</u>
4  <u>Trading Comm'n v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979).  Summary
5  judgment cannot be avoided solely on conclusory allegations; the responding
6  party must bear his burden to produce factual evidence in support of his claim.
7  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Thus, the responding
8  party cannot stand on his pleadings, nor can he simply assert that he will be
9  able to discredit the movant's evidence at trial.  <u>See</u> <u>T.W. Elec. Serv., Inc.</u>, 809
10 F.2d at 630.  Legal memoranda and oral argument are not evidence and do not
11 create issues of fact capable of defeating an otherwise valid motion for
12 summary judgment.  <u>British Airways Board v. Boeing Co.</u>, 585 F.2d 946, 952
13 (9th Cir. 1978).  However, a verified complaint may be used as an affidavit
14 opposing summary judgment as long as it is based on personal knowledge and
15 sets forth specific facts admissible in evidence.  <u>See</u> <u>Schroeder v. McDonald</u>, 55
16 F.3d 454, 460 (9th Cir. 1995).  A verified motion functions as an affidavit as
17 well.  <u>See</u> <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1400 (9th Cir. 1998).

18    Although a court may not grant a motion for summary judgment simply
19 because the non-moving party does not file opposing material, a court may
20 grant summary judgment when the unopposed moving papers are sufficient on
21 their face and show that no issues of material fact exist.  <u>Henry v. Gill Indus.</u>,
22 983 F.2d 943, 950 (9th Cir. 1993).

23    Having reviewed defendants' Motion for Summary Judgment and the
24 accompanying evidence, this Court finds that defendants have met their
25 burden of demonstrating that no triable issues of fact exist.

26 **B.    Inadequate Medical Treatment**

27    Plaintiffs allege that Deputy Bennett and Deputy Rios violated plaintiff
28 Hadley's constitutional rights by ignoring medical injuries plaintiff Hadley

sustained while deputies transported him to court.  (Third Amended
Complaint, pp. 6-9 of Claim III.)  Specifically, plaintiffs allege as follows:
Deputies Bennett and Rios conducted a cross cuffing procedure which cuffed
plaintiff Hadley's left arm and hand to inmate Ramirez's right waist.  (Id., pp.
6-7.)  The procedure caused Hadley to fall and injure his head because Hadley
has a partially paralyzed left arm, hand, and leg.  (Id., pp. 7-8.)  Although
Deputies Bennett and Rios were aware that the procedure would likely injure
and actually did injure Hadley, the deputies ignored the risks and failed to
provide adequate medical treatment.  (Id., pp. 6-9.)

The Eighth Amendment prohibits the imposition of cruel and unusual
punishments and "embodies broad and idealistic concepts of dignity, civilized
standards, humanity and decency."  Estelle v. Gamble, 429 U.S. 97, 105, 97
S.Ct. 285, 291, 50 L. Ed. 2d 251 (1976).  "[A] prison official violates the
Eighth Amendment only when two requirements are met.  First, the
deprivation alleged must be, objectively, 'sufficiently serious'. . . The second
requirement follows from the principle that 'only the unnecessary and wanton
infliction of pain implicates the Eight Amendment.'  To violate the Cruel and
Unusual Punishments Clause, a prison official must have a 'sufficiently
culpable state of mind.'"  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct.
1970, 128 L. Ed. 2d 811 (1994).  This state of mind must rise to the level of
"deliberate indifference."  Id.

Defendants argue that the record contains no evidence that Sheriff
Penrod was subjectively aware of plaintiffs' complaints or that Sheriff Penrod
violated plaintiffs' constitutional rights.  (MSJ, p. 9.)  The Third Amended
Complaint fails to allege that Sheriff Penrod was aware of any of plaintiff
Hadley's medical conditions, and no other evidence suggests that Sheriff
Penrod had a "culpable state of mind."  Farmer v. Brennan, 511 U.S. at 834.
Defendants have thus met their initial burden of identifying the absence of a

1   genuine issue of material fact.

2   Plaintiffs' affidavit in reply to the Motion for Summary Judgment simply
3   states that Sheriff Penrod "was made aware of plaintiff's injury and of his
4   denial of medical treatment." (Affidavit, p. 1.) Such a conclusory statement,
5   however, is insufficient to avoid summary judgment. Taylor v. List, 880 F.2d
6   at 1045. Plaintiffs also attach a letter to the affidavit which describes how
7   plaintiff Hadley was handcuffed to another inmate while in transit to court.
8   (Affidavit, Exhibit A). The letter also appears to claim that human excrement
9   is flushed into plaintiff Hadley's toilets on a daily basis. (Affidavit, Exhibit A.)
10  Although plaintiff Hadley apparently wrote the letter to Sheriff Penrod,
11  plaintiff Hadley does not indicate whether he actually mailed the letter to
12  Sheriff Penrod, whether Sheriff Penrod read the letter, or whether Sheriff
13  Penrod is at all aware of the medical conditions described in the letter.
14  Plaintiffs have therefore failed to provide any "significant probative evidence"
15  as to Sheriff Penrod's culpable mental state, Commodity Futures Trading
16  Comm'n v. Savage, 611 F.2d at 282, and have thus failed to meet their burden
17  of producing factual evidence in support of their inadequate medical treatment
18  claim as to defendant Sheriff Penrod. Taylor v. List, 880 F.2d at 1045.
19  Accordingly, summary judgment must be granted for defendant Sheriff Penrod
20  as to the issue of inadequate medical treatment.

21  With regard to defendant San Bernardino County, [a] local
22  governmental unit may not be held responsible for the acts of its employees
23  under a respondeat superior theory of liability. See Collins v. City of Harker
24  Heights, 503 U.S. 115, 121, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992).
25  Since municipal liability must rest on the actions of the municipality, and not
26  the actions of the employees of the municipality, a plaintiff must demonstrate
27  that the alleged constitutional deprivation was the product of a policy or
28  custom of the local governmental unit. See Board of County Comm'rs v.

1   Brown, 520 U.S. 397, 402, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); Ortez
2   v. Washington County, 88 F.3d 804, 811 (9th Cir. 1996).  "Where a plaintiff
3   claims that the municipality . . . has caused an employee to [violate plaintiff's
4   constitutional rights], rigorous standards of culpability and causation must be
5   applied to ensure that the municipality is not held liable solely for the actions
6   of its employee."  Board of County Comm'rs v. Brown, 520 U.S. at 405.

7       A plaintiff may also establish municipal liability by demonstrating that
8   the alleged constitutional violation was caused by a failure to train municipal
9   employees adequately.  See City of Canton v. Harris, 489 U.S. 378, 388-91,
10  109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); Henry v. County of Shasta, 132
11  F.3d 512, 517 (9th Cir. 1997).

12      Defendants argue that the record contains no evidence linking San
13  Bernardino County with a policy facilitating deliberate indifference to serious
14  medical needs.  (MSJ, p. 8.)  The record contains no evidence that defendant
15  San Bernardino County has a policy or custom of promoting deliberate
16  indifference to serious medical needs, or that San Bernardino County failed to
17  train municipal employees adequately.  Plaintiffs' affidavit in reply to the
18  Motion for Summary Judgment also fails to provide evidence of such a policy,
19  custom, or failure to adequately train.  Plaintiffs have thus failed to meet their
20  burden of producing factual evidence in support of their inadequate medical
21  treatment claim as to San Bernardino County.  Taylor v. List, 880 F.2d at
22  1045.  Accordingly, summary judgment must be granted for defendant San
23  Bernardino County as to the issue of inadequate medical treatment.

24  **C.   Ineffective Assistance of Counsel**

25      Plaintiffs appear to allege that defendants [sic] violated plaintiffs'
26  constitutional rights by providing ineffective assistance of counsel.  (Third
27  Amended Complaint, pp. 1-4 of Claim I, pp. 1-4 of Claim II.)  A claim that
28  challenges the fact or duration of a prisoner's confinement, however, should be

addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  A civil rights claim implicating the validity of a conviction is not cognizable under § 1983 unless the conviction has been invalidated.  Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).   Indeed, Heck generally bars claims challenging the validity of an arrest or prosecution or conviction. See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

Plaintiffs challenge the validity of their confinements based on the alleged ineffectiveness of their counsel, and have offered no evidence that their confinements have been discontinued.  Plaintiffs therefore cannot proceed on a civil rights theory based on an ineffective assistance of counsel claim. Accordingly, summary judgment must be granted as to the issue of ineffective assistance of counsel.  Moreover, such claim would not give rise to liability by these defendants, who were not counsel nor the Court.

**D.    Illegal Search**

Plaintiffs appears to allege that Officer Aguilar and another officer (name unknown) conducted an illegal search of plaintiff Hadley's house.  (Third Amended Complaint, pp. 1-5 of Claim III.)  Plaintiffs challenge the validity of a confinement based on an alleged illegal search, and have offered no evidence

1  that plaintiff Hadley's confinement has been discontinued.  Plaintiffs therefore

2  cannot proceed on their illegal search claim.  Accordingly, summary judgment

3  must be granted as to the issue of an illegal search.

4  **E.      Immunity**

5       Defendants argue that Sheriff Penrod is immune from liability for an

6  injury to prisoners because he did not personally participate in violating

7  plaintiffs' rights.  (MSJ, pp. 9-10.)  The Court does not address defendants'

8  claims of immunity in light of the conclusions discussed above.

9

10                              **ORDER**

11       Accordingly, **IT IS HEREBY ORDERED** that defendants' Motion for

12  Summary Judgment be granted and that the Third Amended Complaint be

13  dismissed with prejudice as to defendants San Bernardino County and Sheriff

14  Gary Penrod.

15

16  DATED: _____August 18, 2008_____

17

18                          _____

19                                  A. HOWARD MATZ
                                United States District Judge

20

21  Presented by:

22  DATED: _____August 14, 2008_____

23

24

25  _____
        JEFFREY W. JOHNSON
26      United States Magistrate Judge

27

28